IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| CHUDNEY VALARYK GOFF, ) | |
| ) | |
| Petitioner, ) | Case No. 1:13-00072 |
| ) | Senior Judge Haynes |
| v. ) | |
| ) | |
| MIKE PARRIS, Warden, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

Plaintiff, Chudney Valaryk Goff, filed this pro se action seeking the writ of habeas corpus to set aside his state convictions for the sale of cocaine. After review of the pro se petition, this Court appointed the Federal Public Defender to represent Petitioner and granted leave to file an amended petition.

Before the Court is a motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d) (Docket Entry No. 23) to which Plaintiff filed a response (Docket Entry No. 27) and Respondent replied. (Docket Entry No. 28).

On August 13, 2009, Petitioner pled guilty in the Maury County, Tennessee Circuit Court to two counts of sale of cocaine for which he received concurrent eight-year sentences. (Docket Entry No. 22-1 at 15-16). Petitioner's convictions and sentences became final on September 12, 2009, thirty (30) days after entry of his guilty plea on August 13, 2009. On October 28, 2009 Petitioner filed his pro se petition for post-conviction relief that the trial court denied on May 14, 2010. (Docket Entry No. 22-1 at 17-30 and 44). On appeal, the Tennessee Court of Criminal Appeals affirmed the trial court's denial of relief. Chudney Valaryk Goff v. State of Tennessee,

1

No. M2010-01713-CCA-R3-PC, 2012 WL 112591 (Tenn. Ct. Crim. App. Jan. 13, 2012) perm app. denied (Tenn. May 16, 2012). On January 25, 2010, during the pendency of Petitioner's post-conviction petition, the trial court amended its judgment to change Petitioner's conviction of "Sale of Cocaine in a Drug Free Zone" to "Sale of Cocaine 5 Grams or More." (Docket Entry No. 22-1 at 38-39).

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") became effective and created a one-year statute of limitations for the filing of petitions for writ of habeas corpus. Under the AEDPA, to challenge the prisoner's confinement, the prisoner has one year from the date on which the pertinent state court judgment became final or from the effective date of the AEDPA, whichever is later, to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A); Austin v. Mitchell, 200 F.3d 391, 393 (6th Cir. 1999).

Petitioner contends his petition is timely, citing Burton v. Stewart, 549 U.S. 147, 156-57 (2007) and contends that the January 25, 2010 amended judgment restarted the one-year statute of limitations for purpose of federal habeas. The one-year period is tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2)

In the Court's view, the state court's amended judgment entered on January 25, 2010 changed one of the substantive offenses for Petitioner's convictions. As the amended judgments were entered on January 25, 2010, the time for appealing the amended judgments expired on February 24, 2010. On that date, Petitioner's post-conviction petition was pending and at the conclusion of that proceeding, the federal limitations period recommenced on May 16, 2012, when the Tennessee Supreme Court denied Petitioner's application for permission to appeal.

Thus, the amended judgment is not a ministerial act and <u>Burton</u> applies here.

For these reasons, the Court concludes that Respondent's motion to dismiss should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the 24th day of July, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge